# ORIGINAL

2015 SEP -3   AM 8:50

SOUTHERN DISTRICT OF CALIFORNIA

BY_____ np _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. <u>14CR3325-BAS</u> |
| Plaintiff, | I N D I C T M E N T<br>**(Superseding)** |
| v. | |
| MAZEN AHMAD ALZOUBI,<br>  aka "Manuel Aulestia",<br>  aka "Enrique Lopez",<br>  aka "Antonio Trivino",<br>  aka "John Ramzi",<br>  aka "John Moran",<br>  aka "Dan Cox",<br>  aka "Tom Wesley",<br>  aka "Christian Ergueta",<br>  aka "Ming Li",<br>  aka "Yu Yi", | Title 18, U.S.C., Sec. 1349 –<br>Conspiracy; Title 18, U.S.C.,<br>Sec. 1341 – Mail Fraud; Title 18,<br>U.S.C., Sec. 2 – Aiding and<br>Abetting; Title 18, U.S.C.,<br>Sec. 1028A(a)(1) – Aggravated<br>Identity Theft; Title 18, U.S.C.,<br>Sec. 1956(h) – Money Laundering<br>Conspiracy; Title 18, U.S.C.,<br>Secs. 981(a)(1)(C), 982(a)(1),<br>982(a)(2), and Title 28, U.S.C.<br>Sec. 2461(c) – Criminal Forfeiture |
| Defendant. | |

The grand jury charges:

## Count 1

### 18 U.S.C. § 1349

(Conspiracy to Commit Mail Fraud and Wire Fraud)

1.   Beginning on a date unknown, but no later than May 2012, and continuing through at least August 2014, within the Southern District of California and elsewhere, defendant MAZEN AHMAD ALZOUBI, aka "Manuel Aulestia", aka "Enrique Lopez", aka "Antonio Trivino",

EWA:nlv(2):San Diego
9/2/15

aka "John Ramzi", aka "John Moran", aka "Dan Cox", aka "Tom Wesley", aka "Christian Ergueta", aka "Ming Li", aka "Yu Yi", (hereinafter "ALZOUBI"), knowingly conspired and agreed with others, including Daniel Elias Deaibes (charged elsewhere), and a co-conspirator known as "I.S.", to commit the offenses of mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

2. It was the purpose of the conspiracy to pretend to own single-family homes, and then arrange to sell the properties to unsuspecting buyers or obtain loans secured by the properties, in order to collect millions of dollars in proceeds from the fictitious sales.

### Manner and Means of the Conspiracy

3. To further the criminal conspiracy, defendant ALZOUBI and his co-conspirators utilized the following manner and means, among others:

a. ALZOUBI and his co-conspirators would acquire control over various entities (collectively referred to as the "business entities"), including corporations owned by co-conspirators (such as "Norway LLC"), non-profit "associations" whose true ownership was difficult to detect (including "Calaveras 2012 NPO", "Escala 102-NPO", "Land Investments-01", "Property Holdings-01", "Real Holdings", "Bel Cante NPO 2011", "Versalles Holdings", and "Redband Investments IV") and corporations owned by third parties that owned properties, (such as "FRC One LLC"). ALZOUBI and his co-conspirators would then pretend to have authority to operate and act on behalf of the business entities.

1       b.   ALZOUBI and his co-conspirators would identify single-

2 family homes, including post-foreclosure properties owned by banks or

3 institutions including the Federal National Mortgage Association

4 (known as "Fannie Mae") and the Federal Home Loan Mortgage Corporation

5 (known as "Freddie Mac"), and including properties owned by investors

6 (such as FRC One LLC), that they could pretend to own or control,

7 without risking immediate detection by the true owners.

8       c.   ALZOUBI and his co-conspirators would give potential

9 buyers and lenders the false impression that they owned the

10 properties, and that they had authority to sell the properties or

11 obtain loans secured by the properties, when in fact they had no real

12 ownership interest in the properties at all.

13       d.   ALZOUBI and his co-conspirators would support the false

14 impression that they controlled these properties by creating

15 materially false and fraudulent grant deeds purporting to transfer

16 title of those properties to the business entities, using forged

17 signatures and fraudulent notary stamps to authenticate the fabricated

18 documents.

19       e.   In order to make these fraudulent transfers of property

20 appear legitimate, ALZOUBI and his co-conspirators would record the

21 fraudulent grant deeds and other fraudulent documents at county

22 recorder's offices, using the U.S. mails and private and commercial

23 interstate carriers.

24 //

25 //

26 //

27 //

28 //

f.    If the true owner of a property attempted to regain control over the property by recording legitimate documents or filing lawsuits attempting to recover clear title, AZLOUBI and his co-conspirators would attempt to defeat those efforts by filing and recording materially false and fraudulent court documents pretending that those lawsuits had been settled or resolved.

g.    In order to avoid detection and appear to be legitimate real estate professionals, ALZOUBI and his co-conspirators used a web of aliases, including both fictitious names and stolen identities, to fraudulently pose as sellers, buyers, notaries public, representatives of the true owners, and lienholders.   ALZOUBI and his co-conspirators at various times used the aliases and stolen identities of, among others, "Manuel Aulestia", "Enrique Lopez", "Antonio Trivino", "John Ramzi", "John Moran", "Dan Cox", "Tom Wesley", "Christian Ergueta", "Ming Li", "Yu Yi", and "Zubu Wawa".

h.    ALZOUBI and his co-conspirators would create and use web-based email accounts corresponding to these aliases to communicate with one another and with buyers, lenders, title and escrow officers, notaries public, and others to market and sell the properties, while concealing their true identities.

i.    When a buyer, lender, escrow officer, or notary public required the seller to appear in person, Deaibes and other co-conspirators would appear, identifying themselves using aliases such as "John Moran" and using fake driver's licenses obtained as part of the scheme.

//

//

//

4

1          j.   When a third-party buyer was prepared to close on a
2    sale of property, ALZOUBI and his co-conspirators would create
3    materially false and fraudulent grant deeds, purporting to transfer
4    title of the property to the unwitting end buyers, although ALZOUBI,
5    his co-conspirators, and the business entities in fact had no
6    authority to sell the properties.

7          k.   Using aliases and fake driver's licenses, Deaibes and
8    other co-conspirators would appear before notaries public to sign
9    fraudulent grant deeds, purporting to transfer property from the
10   business entities to the unwitting third-party buyers.

11         l.   ALZOUBI, Deaibes, "I.S.", and others would open bank
12   accounts in the name of the business entities, and use those accounts
13   to direct the proceeds of the fraudulent sales or loans to be
14   transmitted from escrow by interstate wire.

15         m.   Soon after each sale or loan, ALZOUBI and his co-
16   conspirators would quickly disburse the proceeds, thereby ensuring
17   that the funds vanished and the buyers could not recover their stolen
18   money.

19    4.   During the course of the conspiracy, ALZOUBI and others
20   arranged and attempted to arrange the fraudulent sale or encumbrance
21   of the following properties worth approximately $3,668,931, among
22   others:

23   //
24   //
25   //
26   //
27   //
28   //

| Property Address | True Owner | Fraudulent Deed for Benefit of: | Approximate Date of Sale/Loan | Approximate Sale/Loan Amount |
|---|---|---|---|---|
| Newville Ave Downey, CA | Deutsche Bank | Norway LLC | 7/2012 | $307,616 |
| Dubesor St La Puente, CA | Fannie Mae | Norway LLC | 7/2012 | $185,961 |
| E. Pinefalls Dr West Covina, CA | Fannie Mae | Calaveras | 8/2012 | $192,677 |
| Sterling Dr Corona, CA | Freddie Mac | Escala 102 NPO | 9/2012 | $244,246 |
| Pattiz Ave Long Beach, CA | Freddie Mac | Land Investments | 11/2012 | $319,615 |
| Gretna Ave Whittier, CA | Fannie Mae | Land Investments | 2/2013 | $217,357 |
| Springwood Ct Riverside, CA | Fannie Mae | Escala 102 NPO | 7/2013 | $230,780 |
| Peters Circle Glendale, CA | Fannie Mae | Property Holdings | 10/2013 | $485,000 |
| Pocatello Ave Rwlnd Hgts, CA | Fannie Mae | Land Investments | 12/2013 | $451,000 |
| Filaree Ave Moreno Valley, CA | A Home-Owner | An Individual | 12/2013 | $120,000 |
| W. Palm Drive West Covina, CA | Fannie Mae | Versalles Holdings | 1/2014 | $205,000 |
| Grace Ave Baldwin Pk, CA | Fannie Mae | Versalles Holdings | 1/2014 | $215,000 |
| W. Ash Street San Brnrdno, CA | FRC One LLC | N/A | 1/2014 | $133,015 |
| Orchard St & Heartsease Ln | FRC One LLC | N/A | 4/2014 | $195,501 |
| Yucca Ave Rialto, CA | FRC One LLC | N/A | 8/2014 | $166,163 |

All in violation of Title 18, United States Code, Section 1349.

//

//

//

//

//

//

## Count 2

### 18 U.S.C. § 1341

### (Mail Fraud)

5.   Beginning on a date unknown, but no later than May 2012, and continuing through at least August 2014, in the Southern District of California and elsewhere, defendant MAZEN AHMAD ALZOUBI, aka "Manuel Aulestia", aka "Enrique Lopez", aka "Antonio Trivino", aka "John Ramzi", aka "John Moran", aka "Dan Cox", aka "Tom Wesley", aka "Christian Ergueta", aka "Ming Li", aka "Yu Yi", (hereinafter "ALZOUBI"), acting with the intent to defraud, devised and intended to devise a material scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

6.   Paragraphs 2 through 4 of Count 1 are realleged as more fully describing the scheme to defraud and to obtain money and property from potential buyers, lenders, and title companies.

7.   On or about December 3, 2013, within the Southern District of California, defendant ALZOUBI, for the purpose of executing and attempting to execute the scheme to defraud and obtain money and property described above, knowingly caused to be delivered to Ticor Title in San Diego, California, by a private and commercial interstate carrier according to the directions thereon mail matter, that is, a fraudulent Acknowledgement of Satisfaction of Judgment form purportedly filed by the plaintiff in Federal National Mortgage Association v. Land Investments-01, et al., case number KC065089, in the Superior Court of California,

All in violation of Title 18, United States Code, Sections 1341 and 2.

## Count 3

### 18 U.S.C. § 1028A(a)(1)

### (Aggravated Identity Theft)

8.   On or about December 3, 2013, within the Southern District of California and elsewhere, during and in relation to a felony violation of Title 18, United States Code, Section 1341 (Mail Fraud), and a felony violation of Title 18, United States Code, Section 1349 (Conspiracy), defendant MAZEN AHMAD ALZOUBI, aka "Manuel Aulestia", aka "Enrique Lopez", aka "Antonio Trivino", aka "John Ramzi", aka "John Moran", aka "Dan Cox", aka "Tom Wesley", aka "Christian Ergueta", aka "Ming Li", aka "Yu Yi", (hereinafter "ALZOUBI"), knowingly used, without lawful authority, a means of identification of another person, to wit, the signature of G.W. on a fraudulent Acknowledgement of Satisfaction of Judgment form purportedly filed by the plaintiff in Federal National Mortgage Association v. Land Investments-01, et al., case number KC065089, in the Superior Court of California, and mailed to Ticor Title in San Diego, California.
All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count 4

### 18 U.S.C. § 1028A(a)(1)

### (Aggravated Identity Theft)

9.   On or about December 4, 2013, within the Southern District of California and elsewhere, during and in relation to a felony violation of Title 18, United States Code, Section 1341 (Mail Fraud), and a felony violation of Title 18, United States Code, Section 1349 (Conspiracy), defendant MAZEN AHMAD ALZOUBI, aka "Manuel Aulestia", aka "Enrique Lopez", aka "Antonio Trivino", aka "John Ramzi",

1  aka "John Moran", aka "Dan Cox", aka "Tom Wesley", aka "Christian
2  Ergueta", aka "Ming Li", aka "Yu Yi", (hereinafter "ALZOUBI"),
3  knowingly used, without lawful authority, a means of identification of
4  another person, to wit, the signature and notary stamp of C.E. on a
5  fraudulent Grant Deed, purportedly transferring property located on
6  Pocatello Avenue in Rowland Heights, California, from "Land
7  Investments 01" to a third party, that defendant ALZOUBI submitted to
8  an escrow officer involved in the property sale.
9  All in violation of Title 18, United States Code, Sections 1028A(a)(1)
10 and 2.

11                          Count 5

12                     18 U.S.C. § 1956(h)

13                 (Money Laundering Conspiracy)

14      10.  Beginning on a date unknown, but no later than July 2012,
15 and continuing through at least August 2014, within the Southern
16 District of California and elsewhere, defendant MAZEN AHMAD ALZOUBI,
17 aka "Manuel Aulestia", aka "Enrique Lopez", aka "Antonio Trivino",
18 aka "John Ramzi", aka "John Moran", aka "Dan Cox", aka "Tom Wesley",
19 aka "Christian Ergueta", aka "Ming Li", aka "Yu Yi", (hereinafter
20 "ALZOUBI"), knowingly conspired and agreed with others, including
21 Daniel Elias Deaibes (charged elsewhere), Mohamed Daoud (charged
22 elsewhere), and a co-conspirator identified as "I.S.", to commit money
23 laundering in violation of Title 18, United States Code,
24 Sections 1956(a)(1)(B)(i) and 1957, to wit:
25 //
26 //
27 //
28 //

a.   to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and

b.   to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of U.S. currency, such property having been derived from a specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341.

### Purpose of the Conspiracy

11.  It was the purpose of the conspiracy to receive and distribute the proceeds of the fraudulent sale of real estate using a variety of nominee business and overseas accounts to ensure that after each fraudulent sale, the funds vanished and could not be recovered or traced back to the conspirators.

### Manner and Means of the Conspiracy

12.  To further the criminal conspiracy, defendant ALZOUBI and his co-conspirators utilized the following manner and means, among others:

a.   ALZOUBI would open bank accounts, and direct his co-conspirators to open bank accounts, in the name of business entities in order to conceal the true ownership of the accounts and the true nature of the funds directed to those accounts.

b.   ALZOUBI and his co-conspirators would instruct escrow officers to transfer the proceeds of the fraudulent sale of real estate to these accounts.

c.   Using aliases and fake identities to conceal the nature, ownership, and control of the funds, ALZOUBI and his co-conspirators would disburse the proceeds to themselves, and ALZOUBI would direct Deaibes, I.S., and others to disburse the proceeds according to his direction.

d.   ALZOUBI and his co-conspirators would arrange to divert the stolen funds through multiple bank accounts, including accounts overseas, often paid in amounts greater than $10,000, in order to conceal the nature, location, source, ownership, and control of the proceeds, to ensure that ALZOUBI, Daoud, and their co-conspirators maintained control over the proceeds.

All in violation of Title 18, United States Code, Section 1956(h).

//
//
//
//
//
//
//
//
//

1

FORFEITURE ALLEGATIONS

2    18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 982(a)(2); 28 U.S.C.

3    § 2461(c)

4    13.  Upon conviction of the offenses alleged in Counts 1 and 2 of

5    this  Indictment  and  pursuant  to  Title  18,  United  States  Code,

6    Section 981(a)(1)(C),  Title  28,  United  States  Code,  Section 2461(c),

7    and Rule 32.2, Federal Rules of Criminal Procedure, defendant MAZEN

8    AHMAD  ALZOUBI,  aka  "Manuel  Aulestia",  aka  "Enrique  Lopez",

9    aka "Antonio Trivino",  aka "John Ramzi",  aka "John Moran",  aka "Dan

10   Cox",  aka  "Tom  Wesley",  aka "Christian Ergueta",  aka  "Ming Li",

11   aka "Yu Yi",  (hereinafter  "ALZOUBI"),  shall  forfeit  to  the  United

12   States  any  property,  real  and  personal,  which  constitutes  and  is

13   derived  from  proceeds  traceable  to  the  offenses,  and  any  property

14   traceable  to  such  property.   The  defendant  is  hereby  provided  notice

15   that the Government may seek a forfeiture money judgment in an amount

16   not less than $2,192,931.

17   14.  Upon conviction of the offense alleged in Count 5 of this

18   Indictment  and  pursuant  to  Title  18,  United  States  Code,

19   Section 982(a)(1) and Rule 32.2, Federal Rules of Criminal Procedure,

20   defendant ALZOUBI  shall  forfeit  to  the  United  States  any  property,

21   real  and  personal,  involved  in  such  offense,  and  any  property

22   traceable  to  such  property.   The  defendant  is  hereby  provided  notice

23   that the Government may seek a forfeiture money judgment in an amount

24   not less than $2,192,931.

25   //

26   //

27   //

28   //

12

1     15.  If  any  of  the  above-described  forfeited  property,  as  a

2   result of any act or omission of defendant ALZOUBI, cannot be located

3   upon the exercise of due diligence; has been transferred or sold to,

4   or  deposited  with,  a  third  person;  has  been  placed  beyond  the

5   jurisdiction of the Court; has been substantially diminished in value;

6   or has been commingled with other property which cannot be subdivided

7   without difficulty, it is the intent of the United States, pursuant to

8   Title 21, United States Code, Section 853(p), made applicable herein

9   by Title 18, United States Code, Section 982(b) and Title 28, United

10  States Code, Section 2461(c), to seek forfeiture of any other property

11  of  the  defendant  up  to  the  value  of  the  property  described  above

12  subject to forfeiture.

13  All pursuant to Title 18, United States Code, Sections 981(a)(1)(C),

14  982(a)(1),   982(a)(2),   and   Title   28,   United   States   Code,

15  Section 2461(c).

16      DATED: September 3, 2015.

17                                          A TRUE BILL:

18

19                                          Foreperson

20  LAURA E. DUFFY
    United States Attorney
21

22  By:

23       EMILY W. ALLEN
         Assistant U.S. Attorney

24

25

26

27

28

                                    13